UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————

№ 17-CV-5882 (CBA) (RER)

———————————————

ANTONIO TEJADA, ANDRES EDGARDO LARROCA FRANCO, AND ALICIA SANTOS,

Plaintiffs,

VERSUS

LA SELECTA BAKERY, INC. AND RAFAEL REYNOSO,

Defendants.

———————————————

**REPORT & RECOMMENDATION**
May 1, 2019

———————————————

**to the Honorable Carol Bagley Amon,
Senior United States District Judge**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiffs Antonio Tejada ("Tejada"), Andres Edgardo Larroca Franco ("Larroca"), and Alicia Santos ("Santos") (collectively, "Plaintiffs" or "Named Plaintiffs"), individually and on behalf of all others similarly situated, assert in their Amended Complaint (Dkt. No. 20 ("A.C.")) six causes of action against La Selecta Bakery, Inc. ("La Selecta" or "Corporate Defendant") and Rafael Reynoso ("Reynoso" or "Individual Defendant") (collectively, "Defendants"). Their claims are brought under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") §§ 190 and 650 *et seq.*

Before the Court is Plaintiffs' Motion for Default Judgment.[1] (Dkt. No. 29 ("Mot.

---

[1] Defendants did not file an appearance after Defendants were properly served with the Amended Complaint. On May 8, 2018, the Clerk of the Court noted Defendants' default pursuant to Fed. Rule Civ. P. 55(a). (Dkt. No. 28). On February 4, 2019, the Plaintiffs filed the Motion for Default Judgment. (Dkt. No. 29). On February 6, 2019, Your Honor referred Plaintiffs' motion to me for a report and recommendation on the issues of liability and damages. (ECF Order dated 02/06/19).

1

Default")). For the reasons set forth herein, I respectfully recommend that the Motion be denied without prejudice to renewal.

## BACKGROUND

According to the Amended Complaint, La Selecta is a bakery, incorporated in New York, with its principal place of business located at 349 Suydam Street, Brooklyn, New York 11237. (A.C. ¶¶ 11, 18). All Plaintiffs worked at La Selecta as bakers during their employment. (*Id.* ¶ 2). Reynoso served as the Chief Executive Officer of La Selecta during the relevant periods of time, operated La Selecta on a daily basis, and had the power to hire and fire the employees, set wages and schedules, and maintain employment records. (*Id.* ¶¶ 12, 19).

Each of the Plaintiffs worked varying schedules, depending upon the time of year. Defendants' "busy season" ran approximately from September through February of each year, and the "slow season" lasted approximately from March to August. (*Id.* ¶¶ 22, 38, 52). While Plaintiffs typically worked longer hours during the busy season, they generally worked more than 40 hours per week throughout their entire employment, regardless of the time of year. (*Id.* ¶¶ 22–24, 38–40, 52–53). Plaintiffs allege that Defendants never paid them any overtime premium during their employment. (*Id.* ¶¶ 32, 46, 60).

Plaintiff Tejada was paid an hourly rate of $9.50 from July to August 2013, $10 from September 2013 to August 2015, $11 from September 2015 to late 2016, and $11.25 from late 2016 to May 2017. (*Id.* ¶¶ 20, 28–31). Plaintiff Larroca was paid $10 per hour from about October 2011 to January 2015 and $11 per hour from February 2015 to May 2017. (*Id.* ¶¶ 37, 44–45). Plaintiff Santos was paid $8 per hour from October 2013 to March 2017 and $11 per hour from April 2017 to May 2017. (*Id.* ¶¶ 51, 57–58).

Defendants allegedly failed to provide Tejada and Santos with a wage notice at the time of hire (*id.* ¶¶ 36, 63), and they did not furnish any Plaintiff with accurate weekly written statements of their rates of pay or hours worked throughout their entire employment. (*Id.* ¶¶ 35, 48, 62). In addition, Plaintiff Tejada alleges that Defendants, without Tejada's written authorization, deducted from his pay monies purportedly for contributions to a workers' compensation fund, and such monies were not paid into any fund but rather were kept for Defendants' own use. (*Id.* ¶ 33).

On October 6, 2017, Plaintiffs Tejada and Larroca commenced this action against La Selecta and Reynoso. (Dkt. No. 1). On January 30, 2018, Plaintiffs filed an Amendment Complaint, which included Santos as a Named Plaintiff and asserted additional claims. (*see generally* A.C.). Although the Amended Complaint contains collective action and class allegations (A.C. ¶¶ 14–17), Plaintiffs have not moved for certification under either § 216(b) of the FLSA or Rule 23 of the Federal Rules of Civil Procedure. Nonetheless, three former employees of La Selecta, Evelyn Jacinto, Araceli Perez, and Adan Tejada (collectively, "Opt-in Plaintiffs"), filed Consent to Join forms purporting to join this action as opt-in plaintiffs. (Dkt. Nos. 8–9, 15.) There is no evidence that these consent forms were served on Defendants.

As previously noted, Defendants failed to appear or otherwise defend against this action. Following entry of default by the Clerk of the Court (Dkt. No. 28), Plaintiffs moved for default judgment against Defendants, asserting their own claims as well as claims of the three Opt-in Plaintiffs. (Mot. Default).

2

## DISCUSSION

Without having moved for conditional certification, Plaintiffs—on behalf of themselves and the Opt-in Plaintiffs—now seek a default judgment and damages award against La Selecta and Reynoso. In FLSA collective action cases, "[c]ourts have expressed concern about whether opt-in plaintiffs are entitled to default judgment based on a complaint in which they are not named, but wherein the intent to proceed as a collective action is clear." *Charvac v. M & T Project Managers of New York, Inc.*, No. 12-CV-05637 (CBA) (RER), 2013 WL 6711485, at *3 (E.D.N.Y. Dec. 18, 2013) (citing *James v. Claiborne*, No. 07-CV-1570, 2009 WL 994951, at *5 (W.D. La. April 13, 2009)); *see Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2017 WL 1365121, at *5 (E.D.N.Y. Mar. 10, 2017), *R & R adopted*, 2017 WL 1376372 (E.D.N.Y. Apr. 11, 2017) (Where no motion for certification of a class or collective action had been filed, default judgment was denied as to the opt-in plaintiff due in part to his unnamed status); *Ntalianas v. B & A Contracting of Landmark, Inc.*, No. 16-CV-5934 (ADS) (GRB), 2018 WL 1701960, at *4 (E.D.N.Y. Feb. 26, 2018), *R & R adopted*, 2018 WL 1582294 (E.D.N.Y. Mar. 31, 2018).

In such a posture as this—where default judgment is sought on behalf of unnamed opt-in plaintiffs, absent certification of a class or collective action—plaintiffs should first amend the complaint to add the opt-in plaintiffs as named plaintiffs and should duly serve the amended complaint on defendants to afford them the chance to respond. *Charvac*, 2013 WL 6711485, at *3. Otherwise, there is "no legal basis upon which to award damages, attorney's fees, and costs to the opt-in plaintiffs." *Charvac*, 2013 WL 6711485, at *3 (citing *Hosking v. New World Mortg., Inc.*, No. 07-CV-2200 (MKB) (ARL), 2013 WL 5132983, at *6–7 (E.D.N.Y. Sept.12, 2013)).

Furthermore, courts caution against granting default judgment only to the named plaintiffs, due to the uncertainty as to "whether the [c]ourt could continue to adjudicate the FLSA collective action" after having done so. *Troncone v. Velahos*, No. 10-CV-2961 (RBK) (AMD), 2011 WL 3236219, at *8 (D.N.J. July 28, 2011), *reconsidered on other grounds*, 2012 WL 3018061 (D.N.J. July 23, 2012); *see Bhagwat*, 2017 WL 1365121, at *6 ("When courts have denied motions for default judgment by FLSA opt-in plaintiffs without prejudice and allowed for amendment of the complaint, those courts have also deferred granting default judgment to the original plaintiff until after the opt-in plaintiffs are formally joined and the defendants have been duly served with the amended complaint"); *Ntalianas*, 2018 WL 1701960, at *5 (quoting *Bhagwat*, 2017 WL 1365121, at *6) ("[E]ntry of default judgment now in favor of the named plaintiffs 'may trigger the mootness doctrine' and foreclose the opt-in plaintiffs' ability to amend and recover damages").

Here, an abundance of caution is warranted because there is no evidence that the Named Plaintiffs now intend the case to proceed on an individual basis; to the contrary, they seek default judgment both for themselves and the Opt-in Plaintiffs. *Cf. Galicia v. 63-68 Diner Corp.*, No. 13-CV-03689 (PKC) (RLM), 2015 WL 1469279, at *1 (E.D.N.Y. Mar. 30, 2015) (The request for collective action certification was deemed waived due to plaintiff's failure to reiterate such request in the motion for default judgment); *Lopic v. Mookyodong Yoojung Nakjie, Inc.*, No. 16-CV-4179 (KAM) (CLP), 2017 WL 10845064, at *2 (E.D.N.Y. Sept. 30, 2017) (entering a default judgment only in favor of the named plaintiff, where, despite "a clear intent in his complaint to proceed as

3

a collective action," the plaintiff did not assert any cause of action except his own in the motion for default judgment).

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court 1) deny Plaintiffs' motion for default judgment without prejudice to renewal and 2) *sua sponte* grant Plaintiffs leave to file an amended complaint that includes the claims of the Opt-in Plaintiffs.

Plaintiffs' counsel are hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court promptly thereafter. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Carol Bagley Amon within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.
United States Magistrate Judge
Dated: May 1, 2019
Brooklyn, New York