# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

Nº 17-CV-5882 (ERK) (RER)

———————————————

ANTONIO TEJADA, ANDRES EDGARDO LARROCA FRANCO, ALICIA SANTOS, EVELYN JACINTO, ARACELI PEREZ, AND ADAN TEJADA,

Plaintiffs,

VERSUS

LA SELECTA BAKERY, INC. AND RAFAEL REYNOSO,

Defendants.

———————————————

**REPORT & RECOMMENDATION**

September 23, 2020

———————————————

**to the Honorable Eric R. Komittee,
United States District Judge**

**RAMON E. REYES, JR., U.S.M.J.:**

On October 6, 2017, Plaintiffs Antonio Tejada ("Tejada") and Andres Edgardo Larroca Franco ("Larroca") filed this suit claiming multiple violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the New York Labor Law ("NYLL") §§ 190 and 650 *et seq*., by La Selecta Bakery, Inc. ("La Selecta") and Rafael Reynoso ("Reynoso") (both, collectively, the "Defendants"). (Dkt. No. 1). An amended complaint was filed on January 30, 2018, which added Plaintiff Alicia Santos ("Santos") and additional claims. (Dkt. No. 20). The Defendants failed to answer or otherwise respond, resulting in entry of default. (Dkt. No. 28).

Plaintiffs subsequently moved for default judgment, and this Court recommended that their motion be denied because Plaintiffs Tejada and Larroca sought default judgment on behalf of opt-in plaintiffs without certification of a class or collective action. (Dkt. No. 32 at 3-4). Plaintiffs were granted leave to file a second amended complaint to include the claims of the opt-in plaintiffs. (*Id.* at 4). On June 19, 2019, Plaintiffs filed their Second Amended Complaint, which added Evelyn Jacinto ("Jacinto"), Araceli Perez ("Perez"), and Adan Tejada ("Ad. Tejada") as Named Plaintiffs. (Dkt. No. 35 ("SAC")).

1

Defendants still failed to appear before the Court to defend against this action. The Clerk of the Court made an entry of default on July 31, 2019. (Dkt. No. 42). Plaintiffs now move for default judgment. (Dkt. No. 45). Your Honor has referred this matter to me for a report and recommendation. (Order Dated 2/27/2020). For the reasons set forth herein, I respectfully recommend that Plaintiffs' motion be granted.

## BACKGROUND

La Selecta is a bakery, incorporated in New York, with its principal place of business located at 349 Suydam Street, Brooklyn, New York 11237. (SAC ¶ 11). Plaintiffs worked as bakers during their employment for Defendants. (*Id.* ¶ 2). Plaintiffs' hours varied based on the bakery's busy and slow seasons. (*Id.* ¶¶ 22, 37, 48, 61, 75, 89).

Plaintiff Tejada was paid an hourly rate of $9.50 from July to August of 2013, $10 from September 2013 to August 2015, $11 from September 2015 to late 2016, and $11.25 from late 2016 to May 2017. (*Id.* ¶¶ 20, 27–30). Plaintiff Larroca was paid $10 per hour from about October 2011 to January 2015 and $11 per hour from February 2015 to May 2017. (*Id.* ¶¶ 36, 42–43; Dkt. No. 1 ¶ 43). Plaintiff Santos was paid $7.50 per hour from October 2013 to December 2014, $8 from January 2015 to March 2017, and $11 per hour from April 2017 to May 2017. (*Id.* ¶¶ 47, 52–54). Plaintiff Jacinto was paid $7.50 per hour from May 2013 to January 2015, $8 from February 2015 to January 2016, $8.50 from February 2016 to March 2017, and $9 from April 2017 to May 2017. (*Id.* ¶¶ 60, 65–68). Plaintiff Perez was paid $6.75 from October 2011 to December 2013, $7.75 from January 2014 to January 2015, $8 from February

2015 to December 2015, and $11 from January 2016 to June 2016. (*Id.* ¶¶ 74, 79–82). Plaintiff Ad. Tejada was paid $9 from January 2015 to December 2015, $9.50 from January 2016 to December 2016, and $10 from January 2017 to March 2017. (*Id.* ¶¶ 88, 93–95). Plaintiffs assert that they were paid at the above-referenced rates for all hours worked, including those in excess of forty hours per week. (*See, e.g.*, *id.* ¶¶ 27–31, 42–44, 52–56, 65–70, 79–84, 93–95).

Defendants failed to provide Plaintiffs Tejada, Santos, Jacinto, Perez, and Ad. Tejada with wage notices when they were hired, (*id.* ¶¶ 35, 59, 73, 87, 100, 138), and, throughout the course of Plaintiffs' employments, Defendants did not furnish any Plaintiff with accurate weekly written statements of his or her rates of pay or hours worked, (*id.* ¶¶ 34, 46, 58, 72, 86, 99, 132). Additionally, Plaintiff Tejada alleges that Defendants, without his written authorization, deducted monies from his pay for reasons unknown to Tejada and kept the money for their own use. (*Id.* ¶ 32).

## DISCUSSION

### I.   Legal Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. *Trs. of the Leather Goods, Handbags, & Novelty Workers' Union Local 1 Joint Ret. Fund v. Cent. Fur Storage Co.*, No. 18-CV-7224 (AMD) (RER), 2019 WL 3937132, at *4 (E.D.N.Y. Aug. 2, 2019), *R & R adopted by* 2019 WL 3936676 (Aug. 20, 2019). First, the plaintiff must request an entry of default from the clerk of the court. Fed. R. Civ. P. 55(a). If the clerk enters default against the non-responsive parties, the plaintiff must then move for a default judgment. Fed. R. Civ. P. 55(b)(2).

Where, as here, the procedural requirements have been satisfied, the defaulting party is deemed to have admitted all well-pleaded factual allegations in the complaint. *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The court must then decide whether the well-pleaded facts establish the defaulting party's liability as a matter of law. *Gesualdi v. Ava Shypula Testing & Inspection, Inc.*, No. 13-CV-1873 (DRH) (GRB), 2014 WL 1399417, at *4 (E.D.N.Y. Apr. 10, 2014).

Damages are assessed separately, and a plaintiff need only prove that the compensation sought "naturally flow[s] from the injuries pleaded." *Greyhound*, 973 F.2d at 159. Further, a plaintiff's recovery of damages must reflect that which was requested in the pleadings. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); *see also Silge v. Merz,* 510 F.3d 157, 160 (2d Cir. 2007). If the court so chooses, an evidentiary hearing may be held to determine damages. Fed. R. Civ. P. 55(b)(2). However, "it [is] not necessary for the District Court to hold a hearing, as long as it ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). In determining damages, the court may rely on "detailed affidavits and documentary evidence." *Id.* Because Plaintiffs allege violations under both the FLSA and NYLL, Plaintiffs are entitled to damages under the statute that affords the greater recovery.[1] *Piedra v. Ecua Rest. Inc.*, 17-CV-3316 (PKC) (CLP), 2018 WL 1136039, at *9 (E.D.N.Y. Jan. 31, 2018), *R & R adopted*

*with modification by* 2018 WL 1135652 (E.D.N.Y. Feb. 28, 2018).

## II. Statute of Limitations

The FLSA affords a two-year statute of limitations to bring a cause of action unless the violation was willful, in which case the case the limitations period is extended to three years. 29 U.S.C. § 255(a). The NYLL statute of limitations is six years from the date that the employee filed a complaint. N.Y. Lab. Law §§ 198(3), 663(3). Here, the NYLL affords the greater recovery. I therefore respectfully recommend that Plaintiffs be awarded damages under the NYLL.

Tejada and Larroca filed the original complaint as Named Plaintiffs on October 6, 2017. (Dkt. No. 1). Their NYLL period runs from October 6, 2011, through October 6, 2017. Perez and Ad. Tejada's consent forms were filed the same day as the original complaint and thus they share the same limitations period as Tejada and Larroca. (*See* Dkt. Nos. 8, 9). Santos and Jacinto filed their opt-in forms on November 3, 2017. (Dkt. Nos. 15, 16). Consequently, their NYLL period runs from November 3, 2011 through November 3, 2017.

## III. Liability

For the sake of brevity, suffice it to say that I have carefully reviewed Plaintiffs' submissions in support of their motion for default judgment. Those submissions, and the fact that Defendants are in default, establish that the Defendants are jointly and severally liable for violations of the FLSA and NYLL.

---

[1] Because both the FLSA and NYLL are compensatory in nature, "double recovery may result if damages are awarded for the same hours worked" under both statutes. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *6 (E.D.N.Y. Sept. 1, 2015) (citation omitted).

## IV.    Damages

### A.    Unpaid Compensation

Under the FLSA and NYLL, Plaintiffs are entitled to recover the difference between the New York State statutory minimum wage rate and the effective hourly rate they were paid by Defendants. *See* 29 USC § 216(b); N.Y. Comp. Codes R. & Regs. tit. 12, § 652, pt. 46. Additionally, both federal and state statutes entitle Plaintiffs to compensation of one- and one-half times their regular hourly rate for overtime, defined as time worked over 40 hours per week. *See* 29 USC § 207(a); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

Though a "plaintiff must produce 'sufficient evidence' to show the hours he worked 'as a matter of just and reasonable inference' . . . it is possible for plaintiff to meet this burden by relying on his recollection alone." *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005). Each Plaintiff submitted a declaration detailing the length of their employment, hours worked, and rate of pay, (Dkt. Nos. 46-14, 15, 16, 17, 18, 19). Therefore, Plaintiffs have met their burden.

Consequently, I respectfully recommend Plaintiffs be awarded unpaid compensation as follows: $6,581.03 to Plaintiff Tejada, $10,371.54 to Plaintiff Larroca, $15,581.79 to Plaintiff Santos, $9,103.71 to Plaintiff Jacinto, $10,969.66 to Plaintiff Perez, and $9,362.64 to Plaintiff Ad. Tejada.[2]

### B.    Unlawful Deductions

Employers may not make "any deductions from [an employee's] wages," outside of certain limited enumerated circumstances. N.Y. Lab. Law § 193; N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.7. Nor may an employer "require an employee to make any payment by separate transaction unless such charge" is permitted as a deduction from wages under section 93(1) of the NYLL. N.Y. Lab. Law § 193(3).

Defendants, without Tejada's express written authorization, made deductions from his pay for reasons they did not share with him. (Dkt. No. 46-14 ¶ 11; SAC ¶ 4). According to Tejada's declaration, his employment spanned about 200 weeks, beginning on or about July 4, 2013 until May 19, 2017. (*See* Dkt. No. 46-14 ¶ 2; SAC ¶ 20).[3] From the beginning of his employment to around March of 2015, Defendants deducted $23.33 per week from his pay for a reason unknown to him. (Dkt. No. 46-14 ¶ 11). From around April 2015 until the end of his employment, Defendants deducted $36.33 per week from his pay, similarly for a reason unknown to him. (*Id.*). Therefore, Defendants are liable for $6,159.43[4] in unlawful pay deductions, and I respectfully recommend Tejada be awarded such amount.

### C.    Statutory Damages

Under the NYLL, employers must furnish their employees with a notice and acknowledgement of the employee's wage rate at the time of hire.

---

[2] Calculations relating to unpaid compensation can be found in the Appendix.

[3] Mr. Coleman's Declaration states that Defendants deducted $33 per week from the beginning of Tejada's employment until March 2015 and that Defendants deducted $36.33 from each paycheck over a period of

more than 200 weeks. (Dkt. No. 46 ¶ 91). However, I choose to credit Plaintiff Tejada's affidavit for an accurate recounting of unlawful pay deductions during his employment.

[4] (90.71 weeks X $23.33) + (111.29 weeks X $36.33).

N.Y. Lab. Law § 195(1). Employers are additionally required to furnish their employees with accurate, specifically enumerated wage statements each pay period. *Id.* § 195(3). Wage statements should include the dates of work, the employer's address and telephone number, the applicable rate of pay, and any deductions and allowances claimed. *Id.* Plaintiffs Tejada, Santos, Jacinto, Perez, and Ad. Tejada seek to recover damages for Defendants' failure to provide a wage notice upon hire, (Dkt. No. 46 ¶¶ 137-39; SAC ¶¶ 138-40); and all Plaintiffs seek to recover damages for Defendants' failure to provide accurate wage statements. (Dkt. No. 46 ¶¶ 134-36; SAC ¶¶ 132-34).

For violations of section 195(1), Plaintiffs may recover damages at the rate of "fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars." N.Y. Lab. Law § 198 (1–b). As of February 27, 2015, for violations of section 195(3), Plaintiffs may recover damages at the rate of $250 for each work day that the violations occurred or continue to occur, not to exceed $5,000. N.Y. Lab. Law § 198(1-d); *Estrada v. Giovanni's Italian Pizzeria, Inc.*, No. 16 Civ. 6162 (PGG) (GWG), 2020 WL 3166964, at *5 (S.D.N.Y. June 15, 2020). Remedies for statutory violations "may be enforced simultaneously or consecutively so far as not inconsistent with each other." N.Y. Lab. Law § 198(2)

Defendants failed to provide Plaintiffs Tejada, Santos, Jacinto, Perez, and Ad. Tejada with written notice at hire containing the information set forth in section 195(1) and wage statements each pay period in accordance with section 195(3). Because those Plaintiffs worked for more than 100 days during which violation of section 195(1) was ongoing and worked more than twenty days after February 27, 2015, each is entitled to $10,000 in statutory damages. Plaintiff Larroca began work prior to the requirements of section 195(1); however, because Defendants failed to provide him with wage statements in accordance with section 195(3), and he worked for more than 20 days after February 27, 2015, he is entitled to $5,000 in statutory damages.

D. Liquidated Damages

Under both the FLSA and NYLL, plaintiffs are entitled to liquidated damages in an amount equal to unpaid wages. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). If the employer acted in good faith, both the FLSA and NYLL afford courts discretion when awarding liquidated damages. *See* 29 U.S.C. § 260; N.Y. Lab. Law § 663(1). Yet, an employer who defaults, like Defendants, has failed to make such a showing of good faith. *See Rodriguez v. Queens Convenience Deli Corp.*, No. 09-CV-1089 (KAM) (SMG), 2011 WL 4962397, at *4 (E.D.N.Y. Oct. 18 2011). Because there are "no meaningful differences" between the FLSA and NYLL liquidated damages provisions, a party may not recover duplicative liquidated damages for the same conduct. *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018).

Therefore, I respectfully recommend that each Plaintiff be awarded liquidated damages equal to the total amount of damages due said Plaintiff for unpaid compensation and unlawful pay deductions as follows: $12,740.46 to Plaintiff Tejada, $10,371.54 to Plaintiff Larroca, $15,581.79 to Plaintiff Santos, $9,103.71 to Plaintiff Jacinto, $10,969.66 to Plaintiff Perez, and $9,362.64 to Plaintiff Ad. Tejada.

E.  Pre- and Post-Judgment Interest

Plaintiffs may recover both liquidated damages and prejudgment interest for claims brought under the NYLL. *Piedra*, 2018 WL 1136039, at *16. Under New York law, prejudgment interest is assessed at a rate of nine percent per annum. N.Y.C.P.L.R. §§ 5001(a), 5004. Interest may be calculated from a single reasonable intermediate date, which, in cases such as this, is sensibly the midpoint of a plaintiff's employment. *See Cabrera v. Canela*, 412 F. Supp. 3d 167, 186 (E.D.N.Y. 2019); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 49 (E.D.N.Y. 2015). I respectfully recommend that each Plaintiff be awarded pre-judgment interest calculated using the following formula: (total compensatory damages due to plaintiff) X .09/365 X (number of days from midpoint date to the date the Clerk of the Court enters judgment).[5]

Plaintiffs are also entitled to post-judgment interest. 28 U.S.C. §1961. I respectfully recommend that Plaintiffs be awarded post-judgment interest from the date of entry of judgment in accordance with section 1961.

F.  Attorney's Fees

In addition to unpaid wages and additional damages, the FLSA and NYLL allow prevailing employees to collect "a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b); N.Y. Lab. Law § 198. The Plaintiffs, in seeking reimbursement of attorney's fees, bear the burden of proving the reasonableness and the necessity of the hours spent and the rates charged. *Fermin,* 93 F. Supp. 3d at 51.

The Second Circuit has ruled that a court should generally use the prevailing hourly rates in the district in which it sits. *See Simmons v. N.Y.C. Transit Auth.,* 575 F.3d 170, 174–75 (2d. Cir. 2009). Courts in this district have awarded, at the high end of the spectrum, $450 per hour for partners, $325 per hour for associates, $200 per hour for junior associates, *Sass v. MTA Bus Co.,* 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014), and $100 per hour for paralegals, *Division 1181 Amalgamated Transit Union–N.Y. Employees' Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 618–19 (E.D.N.Y. 2017). Courts may determine reasonable hours based on the court's experience, the court's knowledge of the case, and the evidence and arguments presented. *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). When a plaintiff's billing record is excessive, it is within the court's discretion to reduce the fees requested. *See Kliger v. Liberty Saverite Supermarket Inc.,* No. 17-CV-02520 (FB) (ST), 2018 WL 4782342, at *10 (E.D.N.Y. Sept. 17, 2018).

Plaintiffs' submissions reflect $53,490 in attorney's fees to compensate for a total of 351.50 hours. (Dkt. No. 46 ¶ 151). In an exercise of judgment, Plaintiffs seek reduced attorney's fees in the amount of $30,000. (*Id.*) According to Plaintiffs, this amount is comparable to awards granted in this Circuit for multi-plaintiff wage-related default cases. (*Id.*) Consistent with the Court's jurisprudence, Plaintiffs submit contemporaneous billing records displaying the date, timekeeper, description of the activity, and total hours worked on that activity by the tenth of an hour, (Dkt. No. 46-20); *see N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir.

---

[5] Plaintiffs identify June 11, 2015 as a reasonable intermediate date for Plaintiff Tejada, October 9, 2014, for Plaintiff Larroca, July 1, 2015 for Plaintiff

Santos, June 16, 2015 for Plaintiff Jacinto, February 16, 2014 for Plaintiff Perez, and February 15, 2016 for Plaintiff Ad. Tejada. (Dkt. No. 46 ¶¶ 122-33).

1983), and the declaration of Alexander T. Coleman, Esq., (Dkt. No. 46). The billing records calculate total fees as the product of the hours each attorney or paralegal worked and the rates requested. (Dkt. No. 46-20)

Mr. Borrelli, founding and managing member of Borrelli & Associates, requests $400 per hour. (*Id.* ¶¶ 153, 162). Mr. Coleman, a partner at Borrelli & Associates, requests $350 per hour. (*Id.* ¶¶ 163, 168). Mr. Barnhorn, a former associate, requests $250 per hour. (*Id.* ¶¶ 169, 173). Mr. St. John, a junior associate, requests $200 per hour. (Dkt. No. 46 ¶¶ 174–76). The firm also requests reimbursement for paralegal time at the rate of $100 per hour. (Dkt. No. 46 ¶¶ 177, 179). These rates fall within the range typically approved by this Court. *See Hernandez v. Delta Deli Mkt. Inc.*, 18-cv-00375 (ARR) (RER), 2019 U.S. Dist. LEXIS 23756, at *24-25 (E.D.N.Y. Feb. 12, 2019), *R&R adopted by* 2019 U.S. Dist. LEXIS 35304 (March 4, 2019); *Sajvin v. Singth Farm Corp.*, No. 17-cv-04032 (AMD) (RER), 2018 WL 4214335, at *9 (E.D.N.Y. Aug. 13, 2018), *R&R adopted by* 2018 WL 4211300 (Sept. 4, 2018). Therefore, I find the requested hourly rates to be reasonable. As to hours, the Court acknowledges that there were six Plaintiffs who each required a translator. The Court also acknowledges the firm's efforts to avoid excessive billing. However, I agree with Plaintiffs' counsel that the hours billed, 351.50, are excessive. Given the Court's experience with wage and hour cases, the Court's knowledge of this case, and the evidence presented, I find reasonable the reduced request of $30,000 in fees, which is forty-three percent less than the amount billed and fifteen percent of Plaintiffs' damages. *See Padilla v. Manlapaz*, 07-cv-4866 (RER), 2010 WL 11626873, at *4-5 (E.D.N.Y. Sept. 23, 2010); *Mahoney v. Amekk Corp.*, 14-cv-4131 (ENV) (VMS), 2016 WL 6585810, at *21 (E.D.N.Y. Sept.

30, 2016), *R&R adopted by* 2016 WL 6601445 (Oct. 28, 2016); *Jemine v. Dennis*, 901 F. Supp. 2d 365, 393 (E.D.N.Y. 2012), *R&R adopted by* 2012 U.S. Dist. LEXIS 140764 (Sept. 28, 2012). I respectfully recommend that Plaintiffs be awarded attorney's fees in the amount of $30,000.

G. Costs

A prevailing plaintiff is entitled to recover costs of the litigation. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Plaintiffs seek to recover $1,308.71 in filing fees, mailing and serving fees, PACER fees, and Westlaw charges. (Dkt. Nos. 46 ¶ 183, 46-22). I find this amount to be reasonable and recommend Plaintiffs be awarded the full $1,308.71. *See Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH) (SJB), 2019 WL 8381264, at *17 (E.D.N.Y. Dec. 9, 2019), *see also Kliger*, 2018 WL 4782342, at *11.

H. Penalty for Unpaid Damages

Plaintiffs request Defendants be charged a fifteen percent penalty for all damages not paid within ninety days. (Dkt. No. 46 ¶ 185). New York Labor Law states "any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. Lab Law § 198(4); *see also Rodriguez*, 2018 WL 7252949, at *11-12. I respectfully recommend that Plaintiffs be entitled to a fifteen percent increase in the amount of damages owed if Defendants fail to satisfy the judgment within the state deadlines.

7

## **CONCLUSION**

Based on the foregoing, I respectfully recommend that: (1) the Court grant Plaintiff's motion for a default judgment and (2) award Plaintiffs' the following amount in damages: $35,480.92 to Plaintiff Tejada, $25,743.08 to Plaintiff Larroca, $41,163.58 to Plaintiff Santos, $28,207.42 to Plaintiff Jacinto, $31,939.31 to Plaintiff Perez, and $28,725.29 to Plaintiff Ad. Tejada; attorneys' fees in the amount of $30,000, and costs in the amount of $1,308.71; plus pre- and post-judgment interest as well as a fifteen percent penalty for all damages not paid within ninety days.

Plaintiff is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric R. Komitee, within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED,

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: September 23, 2020
Brooklyn, NY

**APPENDIX**

I.    **Overtime Compensation**[6]

**Plaintiff Tejada**[7]

| Start Date | End Date | Weeks Worked | Average Overtime Hours Worked Per Week | Regular Wage or Minimum Wage if Regular Wage Less than Minimum | Additional Overtime Owed per hour | Wages Due (Overtime Hours X Overtime Owed X Weeks Worked) |
|---|---|---|---|---|---|---|
| 7/4/13 | 8/31/13 | 8.29 | 1.25 | $9.50 | $4.75 | $49.22 |
| 9/1/13 | 2/28/14 | 25.71 | 19.5 | $10.00 | $5.00 | $2,506.73 |
| 3/1/14 | 8/31/14 | 26.14 | 1.25 | $10.00 | $5.00 | $163.38 |
| 9/1/14 | 2/28/15 | 25.71 | 19.5 | $10.00 | $5.00 | $2,506.73 |
| 3/1/15 | 8/31/15 | 26.14 | 1.25 | $10.00 | $5.00 | $163.38 |
| 9/1/15 | 2/29/16 | 25.86 | 3.25 | $11.00 | $5.50 | $462.25 |
| 3/1/16 | 7/31/16 | 21.71 | 1.25 | $11.00 | $5.50 | $149.26 |
| 8/1/16 | 8/31/16 | 4.29 | 1.25 | $11.25 | $5.63 | $30.20 |
| 9/1/16 | 2/28/17 | 25.71 | 3.25 | $11.25 | $5.63 | $470.43 |
| 3/1/17 | 5/19/17 | 11.29 | 1.25 | $11.25 | $5.63 | $79.45 |
| | | | | | **Total:** | **$6,581.03** |

**Plaintiff Larroca**[8]

| Start Date | End Date | Weeks Worked | Average Overtime Hours Worked Per Week | Regular Wage or Minimum Wage if Regular Wage Less than Minimum | Additional Overtime Owed | Wages Due (Overtime Hours X Overtime Owed X Weeks Worked) |
|---|---|---|---|---|---|---|
| 3/1/12 | 8/31/12 | 26.14 | 2.5 | $10.00 | $5.00 | $326.75 |
| 9/1/12 | 2/28/13 | 25.71 | 27.5 | $10.00 | $5.00 | $3,535.13 |
| 3/1/13 | 8/31/13 | 26.14 | 2.5 | $10.00 | $5.00 | $326.75 |
| 9/1/13 | 2/28/14 | 25.71 | 27.5 | $10.00 | $5.00 | $3,535.13 |
| 3/1/14 | 8/31/14 | 26.14 | 2.5 | $10.00 | $5.00 | $326.75 |

---

[6] *See* N.Y. Lab. Law § 652. From December 31, 2016 through December 30, 2017, the minimum wage in New York was $11 per hour for employees who worked for New York City employers with eleven or more employees. *Id.* Plaintiffs alleged that Defendants employed at least eleven employees. (SAC ¶ 18).

[7] Calculations based on Plaintiff Tejada's declaration, (Dkt. No. 46-14 ¶¶ 5–8), and Mr. Coleman's Declaration, (Dkt. No. 46 ¶¶ 88–90).

[8] Calculations based on Plaintiff Larroca's declaration, (Dkt. No. 46-15 ¶¶ 5–8), and Mr. Coleman's Declaration, (Dkt. No. 46 ¶¶ 93–95).

| 9/1/14 | 1/31/15 | 21.71 | 3.5 | $10.00 | $5.00 | $379.93 |
| 2/1/15 | 2/28/15 | 3.86 | 3.5 | $11.00 | $5.50 | $74.31 |
| 3/1/15 | 8/31/15 | 26.14 | 2.5 | $11.00 | $5.50 | $359.43 |
| 9/1/15 | 2/29/16 | 25.86 | 3.5 | $11.00 | $5.50 | $497.81 |
| 3/1/16 | 8/31/16 | 26.14 | 2.5 | $11.00 | $5.50 | $359.43 |
| 9/1/16 | 2/28/17 | 25.71 | 3.5 | $11.00 | $5.50 | $494.92 |
| 3/1/17 | 5/19/17 | 11.29 | 2.5 | $11.00 | $5.50 | $155.24 |
| | | | | | Total: | $10,371.54 |

**Plaintiff Santos[9]**

| Start Date | End Date | Weeks Worked | Average Overtime Hours Worked Per Week | Regular Wage or Minimum Wage if Regular Wage Less than Minimum | Additional Overtime Owed | Wages Due (Overtime Hours X Overtime Owed X Weeks Worked) |
|---|---|---|---|---|---|---|
| 10/1/13 | 12/30/13 | 12.86 | 21 | $7.50 | $3.75 | $1,012.73 |
| 12/31/13 | 2/28/14 | 8.43 | 21 | $8.00 | $4.00 | $708.12 |
| 3/1/14 | 8/31/14 | 26.14 | 1 | $8.00 | $4.00 | $104.56 |
| 9/1/14 | 12/30/14 | 17.14 | 21 | $8.00 | $4.00 | $1,439.76 |
| 12/31/14 | 2/28/15 | 8.43 | 21 | $8.75 | $4.38 | $774.51 |
| 3/1/15 | 8/31/15 | 26.14 | 1 | $8.75 | $4.38 | $114.36 |
| 9/1/15 | 12/30/15 | 17.14 | 21 | $8.75 | $4.38 | $1,574.74 |
| 12/31/15 | 2/29/16 | 8.57 | 21 | $9.00 | $4.50 | $809.87 |
| 3/1/16 | 8/31/16 | 26.14 | 1 | $9.00 | $4.50 | $117.63 |
| 9/1/16 | 12/30/16 | 17.14 | 21 | $9.00 | $4.50 | $1,619.73 |
| 12/31/16 | 2/28/17 | 8.43 | 21 | $11.00 | $5.50 | $973.67 |
| 3/1/17 | 3/31/17 | 4.29 | 1 | $11.00 | $5.50 | $23.60 |
| 4/1/17 | 5/31/17 | 8.57 | 1 | $11.00 | $5.50 | $47.14 |
| | | | | | Total: | $9,320.39 |

[9] Calculations based on Plaintiff Santos' declaration, (Dkt. No. 46-16 ¶¶ 5–7), and Mr. Coleman's Declaration, (Dkt. No. 46 ¶¶ 96–100).

**Plaintiff Jacinto[10]**

| Start Date | End Date | Weeks Worked | Average Overtime Hours Worked Per Week | Regular Wage or Minimum Wage if Regular Wage Less than Minimum | Additional Overtime Owed | Wages Due (Overtime Hours X Overtime Owed X Weeks Worked) |
|---|---|---|---|---|---|---|
| 9/1/13 | 12/30/13 | 17.14 | 7.5 | $7.50 | $3.75 | $482.06 |
| 12/31/13 | 2/28/14 | 8.43 | 7.5 | $8.00 | $4.00 | $252.90 |
| 9/1/14 | 12/30/14 | 17.14 | 7.5 | $8.00 | $4.00 | $514.20 |
| 12/31/14 | 1/31/15 | 4.43 | 7.5 | $8.75 | $4.38 | $145.36 |
| 2/1/15 | 2/28/15 | 3.86 | 7.5 | $8.75 | $4.38 | $126.66 |
| 9/1/15 | 12/30/15 | 17.14 | 7.5 | $8.75 | $4.38 | $562.41 |
| 12/31/15 | 1/31/16 | 4.43 | 7.5 | $9.00 | $4.50 | $149.51 |
| 2/1/16 | 2/29/16 | 4 | 7.5 | $9.00 | $4.50 | $135.00 |
| 9/1/16 | 12/30/16 | 17.14 | 7.5 | $9.00 | $4.50 | $578.48 |
| 12/31/16 | 2/28/17 | 8.43 | 7.5 | $11 | $5.50 | $47.74 |
|  |  |  |  |  | **Total:** | **$3,294.31** |

**Plaintiff Perez[11]**

| Start Date | End Date | Weeks Worked | Average Overtime Hours Worked Per Week | Regular Wage or Minimum Wage if Regular Wage Less than Minimum | Additional Overtime Owed | Wages Due (Overtime Hours X Overtime Owed X Weeks Worked) |
|---|---|---|---|---|---|---|
| 10/6/11 | 2/28/12 | 20.71 | 14 | $7.15 | $3.58 | $1,036.54 |
| 9/1/12 | 2/28/13 | 25.71 | 14 | $7.15 | $3.58 | $1,286.79 |
| 9/1/13 | 12/30/13 | 17.14 | 14 | $7.15 | $3.58 | $857.86 |
| 12/31/13 | 2/28/14 | 8.43 | 14 | $8.00 | $4.00 | $472.08 |
| 9/1/14 | 12/30/14 | 17.14 | 14 | $8.00 | $4.00 | $959.84 |
| 12/31/14 | 2/28/15 | 8.43 | 14 | $8.75 | $4.38 | $516.34 |
| 2/1/15 | 2/28/15 | 3.86 | 14 | $8.75 | $4.38 | $236.43 |
| 9/1/15 | 12/30/15 | 17.14 | 14 | $8.75 | $4.38 | $1,049.83 |
| 12/31/15 | 2/29/16 | 8.57 | 14 | $9.00 | $4.50 | $539.91 |
|  |  |  |  |  | **Total:** | **$6,955.60** |

---

[10] Calculations based on Plaintiff Jacinto's declaration, (Dkt. No. 46-17 ¶¶ 5–7), and Mr. Coleman's Declaration, (Dkt. No. 46 ¶¶ 101–105).

[11] Calculations based on Plaintiff Perez's declaration, (Dkt. No. 46-18 ¶¶ 5–7), and Mr. Coleman's Declaration, (Dkt. No. 46 ¶¶ 106–110).

**Plaintiff Ad. Tejada[12]**

| Start Date | End Date | Weeks Worked | Average Overtime Hours Worked Per Week | Regular Wage or Minimum Wage if Regular Wage Less than Minimum | Additional Overtime Owed | Wages Due (Overtime Hours X Overtime Owed X Weeks Worked) |
|---|---|---|---|---|---|---|
| 1/1/15 | 2/28/15 | 8.29 | 31.25 | $9.00 | $4.50 | $1,165.78 |
| 9/1/15 | 12/31/15 | 17.29 | 31.25 | $9.00 | $4.50 | $2,431.41 |
| 1/1/16 | 2/29/16 | 8.43 | 31.25 | $9.50 | $4.75 | $1,251.33 |
| 9/1/16 | 12/31/16 | 17.29 | 31.25 | $9.50 | $4.75 | $2,566.48 |
| 1/1/17 | 2/28/17 | 8.29 | 31.25 | $11 | $5.50 | $1,424.84 |
| | | | | | **Total:** | **$8,839.84** |

## II.   Minimum Wage Compensation[13]

**Plaintiff Santos[14]**

| Start Date | End Date | Weeks Worked | New York Minimum Wage | Wage Received | Wages Due |
|---|---|---|---|---|---|
| 12/31/13 | 12/30/14 | 52.14 | $8.00 | $7.50 | $1,042.80 |
| 12/31/14 | 12/31/14 | 0.14 | $8.75 | $7.50 | $7 |
| 1/1/2015 | 12/30/15 | 52.14 | $8.75 | $8.00 | $1,564.20 |
| 12/31/15 | 12/30/16 | 52.285 | $9.00 | $8.00 | $2,091.40 |
| 12/31/16 | 3/31/17 | 13 | $11 | $8.00 | $1,560 |
| | | | | **TOTAL** | **$6,261.40[15]** |

**Plaintiff Jacinto[16]**

---

[12] Calculations based on Plaintiff Ad. Tejada's declaration, (Dkt. No. 46-19 ¶¶ 5–7), and Mr. Coleman's Declaration, (Dkt. No. 46 ¶¶ 111–115).

[13] *See* N.Y. Lab. Law § 652. From December 31, 2016 through December 30, 2017, the minimum wage in New York was $11 per hour for employees who worked for New York City employers with eleven or more employees. *Id.* Plaintiffs alleged that Defendants employed at least eleven employees. (SAC ¶ 18).

[14] Calculations based on Plaintiff Santos' declaration, (Dkt. No. 46-16), and Mr. Coleman's Declaration, (Dkt. No. 46 ¶¶ 96–100).

[15] Although this total is slightly greater than the amount of minimum wage compensation requested, the total unpaid wage compensation recommended is equal to or less than the amount that Plaintiff Tejada sought in the SAC. (*See* Dkt. No. 46 ¶ 96).

[16] Calculations based on Plaintiff Jacinto's declaration, (Dkt. No. 46-17), and Mr. Coleman's Declaration, (Dkt. No. 46 ¶¶ 101–105).

| Start Date | End Date | Weeks Worked | New York Minimum Wage | Wage Received | Wages Due |
|---|---|---|---|---|---|
| 12/31/13 | 12/30/14 | 52.14 | $8.00 | $7.50 | $1,042.80 |
| 12/31/14 | 1/31/15 | 4.57 | $8.75 | $7.50 | $228.50 |
| 2/1/15 | 12/30/15 | 47.57 | $8.75 | $8.00 | $1,427.10 |
| 12/31/15 | 1/31/16 | 4.57 | $9.00 | $8.00 | $182.80 |
| 2/1/16 | 12/30/16 | 47.71 | $9.00 | $8.50 | $954.20 |
| 12/31/16 | 3/31/17 | 13 | $11 | $8.50 | $1,040 |
| 4/1/17 | 5/31/17 | 8.71 | $11 | $9.00 | $522.60 |
| | | | | **TOTAL** | **$5,809.40**[17] |

**Plaintiff Perez**[18]

| Start Date | End Date | Weeks Worked | New York Minimum Wage | Wage Received | Wages Due |
|---|---|---|---|---|---|
| 10/6/11 | 12/30/13 | 116.71 | $7.15 | $6.75 | $1,867.36 |
| 12/31/13 | 12/31/13 | .14 | $8.00 | $6.75 | $7 |
| 1/1/14 | 12/30/14 | 52 | $8.00 | $7.75 | $520 |
| 12/31/14 | 1/31/15 | 4.57 | $8.75 | $7.75 | $182.80 |
| 2/1/15 | 12/30/15 | 47.57 | $8.75 | $8 | $1,427.10 |
| 12/31/15 | 112/31/15 | .14 | $9 | $8 | $5.60 |
| | | | | **TOTAL** | **$4,014.06** |

**Plaintiff Ad. Tejada**[19]

| Start Date | End Date | Weeks Worked | New York Minimum Wage | Wage Received | Wages Due |
|---|---|---|---|---|---|
| 12/31/16 | 12/31/16 | 0.14 | $11 | $9.50 | $8.40 |
| 1/1/17 | 3/31/17 | 12.86 | $11 | $10.00 | $514.40 |
| | | | | **TOTAL** | **$522.80**[20] |

[17] Although this total is greater than the amount of minimum wage compensation requested, this appears to be due to a mathematical error. (*See* Dkt. No. 46 ¶ 109-10). Moreover, the total unpaid wage compensation recommended is equal to or less than the amount that Plaintiff Jacinto sought in the SAC. (*See id.* ¶ 101).

[18] Calculations based on Plaintiff Perez's declaration, (Dkt. No. 46-18), Mr. Coleman's Declaration, (Dkt. No. 46 ¶¶ 106–110), and Plaintiff's Second Amended Complaint, (Dkt. No. 35 ¶¶ 3, 79-82).

[19] Calculations based on Plaintiff Ad. Tejada's declaration, (Dkt. No. 46-19), and Mr. Coleman's Declaration, (Dkt. No. 46 ¶¶ 111–115).

[20] Although this total is slightly greater than the amount of minimum wage compensation requested, the total unpaid wage compensation recommended is equal to or less than the amount that Plaintiff Ad. Tejada sought in the SAC. (*See* Dkt. No. 46 ¶ 114).

13